**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 29, 2005**

**Charles R. Fulbruge III**
**Clerk**

UNITED STATES COURT OF APPEALS

FIFTH CIRCUIT

No. 04-60247
Summary Calendar

GERTRUDE NKONYE CHIDI,

Petitioner-Appellant,

versus

ALBERTO P. GONZALES, U.S. ATTORNEY GENERAL,

Defendant-Appellee.

Petition for Review of an Order of the
Board of Immigration Appeals
(A 78 126 689)

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:*

Gertrude Nkonye Chidi, a native and citizen of Nigeria, petitions for review of the decision by Board of Immigration Appeals (BIA), affirming the Immigration Judge's (IJ) denial (1) of Chidi's application for asylum as time-barred and (2) of withholding of removal. To be eligible for withholding of removal, Chidi must demonstrate it is "more likely than not" her "life or freedom would be threatened in [the country to which she is being removed] because of [her] race, religion, nationality, membership

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in a particular group, or political opinion". *Bah v. Ashcroft*, 341 F.3d 348, 351 (5th Cir. 2003) (citing 8 U.S.C.A. § 1231(b)(3)(A), INA § 241 (b)(3)(A)).

Chidi maintains she sufficiently established that: if she is returned to Nigeria, she would be under the control of village leaders, who wish to subject her to Female Genital Mutilation (FGM); and neither her mother nor her husband would be able to protect her. She contends the IJ erred in concluding that, because she had returned to Nigeria a number of times without being subjected to FGM, she would not be harmed if she returned again. Chidi asserts she was unharmed on previous trips because four occurred while her father, who was against FGM, was alive. She contends the evidence establishes that up to 60% of Nigerian women are subject to FGM; and the Nigerian government does not protect women from this practice. Chidi asserts it is more likely than not that she will be persecuted because of her membership in a particular group (women not subjected to FGM) if she returns to Nigeria.

We review the BIA order, not the IJ's decision. *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). The BIA reviewed the record and agreed with the IJ that: Chidi's application for asylum was time-barred because Chidi filed it outside the one-year time period and showed no changed or extraordinary circumstances to excuse the late filing; Chidi had not met her burden of establishing past persecution or a well-founded fear of persecution because of her

membership in a particular group; and she had not proved it was more likely than not that she would be subjected to FGM upon return to Nigeria.

Chidi does not challenge the determination that her asylum application was time-barred. Therefore, she has waived this issue. *See Yohey v. Collins*, 985 F.2d 222, 223-24 (5th Cir. 1993); FED. R. APP. P. 28(a)(6).

We review for substantial evidentiary support in the record the BIA's decision that an alien is ineligible for withholding of removal. *Chun*, 40 F.3d at 78. "Under substantial evidence review, we may not reverse the BIA's factual determination unless we find not only that the evidence supports a contrary conclusion, but that the evidence *compels* it." *Id.* (emphasis in original).

The finding that Chidi had *not* demonstrated a clear probability of future persecution is based on the record evidence and is substantially reasonable. Although the State Department documents submitted by Chidi showed that a mother opposed to FGM might not be able to protect her daughter if the daughter's father or husband wished to have FGM performed, there is no evidence that either Chidi's husband or any family member has advocated having FGM performed on her. In sum, the evidence does not compel "a contrary conclusion" to that reached by the BIA: that Chidi was not entitled to withholding of removal.

*DENIED*